UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | |
| RICARDO J. JOSEPH | NO.: 16-00125-BAJ-RLB |

## RULING AND ORDER

Before the Court is Ricardo J. Joseph's ("Petitioner") **Motion to Vacate, Amend, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 65)**. This motion is opposed (Doc. 73). For the reasons stated below, Petitioner's motion is **DENIED IN PART**. Petitioner's claim based on failure to object to a four-point sentencing enhancement is **DENIED**. The Court will reserve judgement on the remaining claim pending an evidentiary hearing to determine if Petitioner's counsel breached a duty to meet with him to discuss a possible appeal.

I.  BACKGROUND

Petitioner pled guilty to possession of a firearm by a convicted felon in violation of 28 U.S.C. § 922(g)(1).[1] (Doc. 62). The Court sentenced Petitioner to 92 months imprisonment and 3 years supervised release. *Id.* At sentencing, the Court informed Petitioner that he had a right to appeal. (Doc. 65-4 at p. 1). Petitioner claims that he advised his defense counsel after sentencing that he wanted to speak with him

---

[1] Petitioner was also indicted for possession of a controlled substance in violation of 21 U.S.C. § 844(a) but this charge was dismissed pursuant to a plea agreement (Doc. 50).

regarding an appeal, but that counsel never responded, and ultimately no notice of appeal was filed. *Id.*

Petitioner also complains that counsel failed to object to a 4-point sentencing enhancement under the United States Sentencing Guidelines because it was based on a count of the indictment that was dismissed by the United States. (Doc. 65 at p. 4). Petitioner asserts that these actions constituted ineffective assistance of counsel.

The United States of America claims that an evidentiary hearing should be conducted concerning Petitioner's allegation that his counsel ignored his request to file an appeal. (Doc. 73 at p. 7). The Government also argues that Plaintiff's claim regarding his counsel's failure to object to the sentencing enhancement should be denied because the sentencing guidelines allow for the consideration of relevant conduct for which Petitioner was not convicted in determining the guideline range. (*Id.* at p. 8).

## II. LEGAL STANDARD

To succeed on an ineffective assistance of counsel claim, a defendant must meet two requirements. *See Teague v. Scott*, 60 F.3d 1167, 1170 (5th Cir. 1995). First, a defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* This requires a showing that the attorney made errors so serious that he or she failed to fulfill the right to counsel guaranteed by the Sixth Amendment. *Id.* Second, a defendant must show that such deficient performance prejudiced his defense. *Id.* This requires a showing that the attorney's errors were so serious as to deprive the defendant of a fair trial. *Id.*

As noted, under the first prong of the ineffective assistance of counsel test, counsel's performance is deficient if it is objectively unreasonable. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In assessing trial counsel's performance, the Court must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. (*Id.* at p. 689).

Prejudice is defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Id.* at p. 694). A defendant must "affirmatively prove prejudice." (*Id.* at p. 693). A claim for ineffective assistance of counsel may be rejected based on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance. *Micheaux v. Collins*, 911 F.2d 1083, 1091 (5th Cir. 1991) (reversed on other grounds).

### III. DISCUSSION

Petitioner cites *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) to support his claim that his counsel acted unreasonably in failing to consult with him about filing an appeal. In *Flores-Ortega*, the Supreme Court of the United States reaffirmed the rule that an attorney who disregards specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable. (*Id.* at p. 477). The Court also held that counsel has a constitutionally imposed duty to consult with a defendant about an appeal when there is reason to believe that either a rational defendant would want to appeal, or when the defendant reasonably demonstrates to counsel that he is interested in filing an appeal. (*Id.* at p. 480).

3

The plea agreement in this case reserved Petitioner's right to challenge the Court's denial of his motion to suppress. (Doc. 50). Neither Respondent nor Petitioner's prior attorney have made allegations that he consulted with Petitioner about filing an appeal. Further, no party has provided this Court with any case law that would absolve Petitioner's prior counsel of his duty to consult with Petitioner regarding an appeal. Therefore, the Court concludes that an evidentiary hearing is required to determine if Petitioner's prior counsel failed to discharge his duties to consult with Petitioner regarding his appeal rights.

Moving on to Petitioner's other claim, the United States Sentencing Guidelines allow the Court to consider circumstances surrounding a defendant's conduct at the time of the offense, including uncharged conduct. *See* U.S.S.G. § 1B1.3. All "acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully cased by the defendant" are included in relevant conduct. *Id.* Petitioner cannot establish that the failure to object on this ground prejudiced him. Count Two of the indictment charged petitioner with possession of cocaine and marijuana. Although this charge was ultimately dismissed pursuant to a plea agreement, the drugs were discovered at the same time as the discovery of the firearm that led to the possession of a firearm by a convicted felon charge. The "failure to make a frivolous objection does not cause counsel's performance to fall below an object level of reasonableness." *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). The Court concludes that any objection to the sentencing enhancement would have been "frivolous" under the Guidelines because the Court may consider uncharged conduct.

4

*See* U.S.S.G. § 1B1.3. Because Petitioner raised no argument that contradicts the specific language of the Guidelines, Petitioner cannot establish deficient performance or prejudice by his prior counsel on this basis.

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that an evidentiary hearing be held regarding Petitioner's allegations that counsel failed to meet with him to discuss filing a notice of appeal.

**IT IS FURTHER ORDERED** that the evidentiary hearing shall take place on February 11, 2020 at 10:00 AM.

**IT IS FURTHER ORDERED** that Petitioner's claim of ineffective assistance of counsel based on his counsel's failure to object to an enhancement imposed in his sentence is **DENIED**.

Baton Rouge, Louisiana, this 24th day of January, 2020.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA