# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | |
| RICARDO J. JOSEPH | NO.: 16-00125-BAJ-RLB |

## RULING AND ORDER

Before the Court is Ricardo J. Joseph's ("Petitioner") **Motion to Vacate, Amend, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 65)**. This motion is opposed (Doc. 73). For the reasons stated below, Petitioner's motion is **DENIED**.

### I. BACKGROUND

Defendant pleaded guilty to the offense of possession of a firearm by a convicted felon in violation of 28 U.S.C. § 922(g)(1). (Doc. 62). The plea agreement in this case reserved Defendant's right to challenge any upward departure or variance, any sentence in excess of the statutory maximum, and the denial of his motion to suppress. (Doc. 50). The Court sentenced Petitioner to 92 months imprisonment and 3 years supervised release. (Doc. 62). At sentencing, the Court informed Defendant that he had a right to appeal his conviction as well as his sentence, subject to the terms and conditions of the plea agreement. (Doc. 65-4 at p. 1). Petitioner claims that he advised his defense counsel after sentencing that he wanted to speak with him regarding an appeal, but that counsel never responded,

1

and ultimately no notice of appeal was filed.[1] *Id.* An evidentiary hearing was conducted on Petitioner's ineffective assistance of trial counsel claim.

## II. LEGAL STANDARD

To succeed on an ineffective assistance of counsel claim, a defendant must meet two requirements. *See Teague v. Scott*, 60 F.3d 1167, 1170 (5th Cir. 1995). First, a defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* This requires a showing that the attorney made errors so serious that he or she failed to fulfill the right to counsel guaranteed by the Sixth Amendment. *Id.* Second, a defendant must show that such deficient performance prejudiced his defense. *Id.* This requires a showing that the attorney's errors were so serious as to deprive the defendant of a fair trial. *Id.*

As noted, under the first prong of the ineffective assistance of counsel test, counsel's performance must be shown to have been so deficient as to be objectively unreasonable. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In assessing trial counsel's performance, the Court must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. (*Id.* at p. 689).

Prejudice is defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Id.* at p. 694). A defendant must "affirmatively prove prejudice." (*Id.* at p. 693). A claim

---

[1] Petitioner also complained that counsel failed to object to a 4-point sentencing enhancement under the United States Sentencing Guidelines because it was based on a count of the indictment that was dismissed by the United States. (Doc. 65 at p. 4). The Court previously concluded that Petitioner could not establish deficient performance or prejudice by his prior counsel on this basis. (Doc. 74).

2

for ineffective assistance of counsel may be rejected based on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance. *Micheaux v. Collins*, 911 F.2d 1083, 1091 (5th Cir. 1991) (reversed on other grounds).

III. **DISCUSSION**

Petitioner argues that he received ineffective assistance of counsel because his defense counsel failed to file a notice of appeal. According to the allegations of Petitioner's § 2255 motion, Petitioner advised his defense counsel after sentencing that he wanted to speak with him regarding an appeal, but counsel never responded, and ultimately no notice of appeal was filed. Notwithstanding the foregoing assertion, Petitioner provided little evidence in support thereof at the evidentiary hearing. Specifically, Petitioner testified that he directed his fiancée, Ms. Antoine, to call Karl Ludwig, Petitioner's attorney, and ask him to visit Defendant about filing an appeal. However, Petitioner did not call Ms. Antoine to testify.

In contrast to the foregoing, Mr. Ludwig testified that Ms. Antoine called him at Petitioner's request about three days after Petitioner was sentenced. Mr. Ludwig testified that during the phone call with Ms. Antoine, she did not mention an appeal. Instead, Mr. Ludwig testified that Ms. Antoine called to ask how much time Petitioner would serve in prison, considering various federal programs, such as the Residential Drug Abuse Program (RDAP). Mr. Ludwig testified that Ms. Antoine did not ask him to visit the jail to meet with Petitioner to discuss filing an appeal, or even mention an appeal at all.

3

Based on the foregoing, the Court finds that Petitioner has failed to meet his burden of showing deficient performance resulting from his attorney's alleged failure to file a notice of appeal.

Further, an appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. In cases where the Court has rejected the petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473 (2000). In the instant case, the Court finds that reasonable jurists could not debate the denial of the petitioner's § 2255 application, nor find that the issues presented are adequate to offer encouragement to proceed. *Miller–El v. Cockrell,* 537 U.S. 322 (2003). Accordingly, it is appropriate that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's **Motion to Vacate, Amend, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 65)** is **DENIED**.

**IT IS FURTHER ORDERED** that in the event that Petitioner seeks to appeal the Court's Ruling, a certificate of appealability be denied for the reasons set forth herein.

Baton Rouge, Louisiana, this 31st day of March, 2020.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**